JOHN FRINK *et al.*, owners of the Steamboat Frontier, appellants, *v.* CHARLES P. KING, administrator of George Almarode, deceased, appellee.

*Appeal from Marshall.*

It is a settled principle, that during the term of the Court, the record is in the power, and under the control, of the Court, and orders, judgments, and decrees may be modified or rescinded at the term, for cause shown.   This is a discretionary power which all courts possess; and, therefore, the manner of its exercise cannot be assigned as error.

Under the *Act authorizing the seizure of boats and other vessels by Attachment, in certain cases,* unless the affidavit states that the indebtedness accrued while the boat was running on the navigable waters of this State, it would be clearly defective, and all proceedings under it would be void, unless the affidavit were amendable; but the affidavit may be amended, as in other cases of attachment.

Statutes in *pari materia* must be construed together, so as to effect their several objects.

Where a defendant moved to dismiss a suit by attachment, on account of the insufficiency of the affidavit, and the motion was sustained, and subsequently the Court set aside the order dismissing the suit, and permitted the plaintiff to amend his affidavit: *Held,* that the defendant could not assign for error, the neglect of the Court to dismiss the suit, as no motion for that purpose was made after the amendment.

Where a plea has been adjudged bad on demurrer, it is not error to strike the plea from the files, though it is an irregularity.

Where a suit is commenced by attachment against a boat, and one of the owners comes in and pleads to the action, it is improper to permit another owner afterwards to come in and defend the action.

In an action for debt, where the declaration shows an indebtedness for services rendered, and a note executed by a clerk for the amount of the indebtedness, and avers that the clerk had authority to execute the note, a plea denying such authority is bad on demurrer.

To a declaration, in a suit by attachment against a boat, which alleged an indebtedness for services as engineer, while the boat was running upon the navigable waters of the State of Illinois, the defendants pleaded in bar, that the services were rendered, and the cause of action accrued in the State of Missouri, and not on the Illinois River, in the State of Illinois: *Held,* that the plea was bad on demurrer, because, while it professed to answer the whole declaration, it only answered one fact, out of which the indebtedness in part arose.

Where a declaration, in a suit by attachment against a boat, alleged an indebtedness

Frink *et al. v.* King.

to the plaintiff for services, and in one count concluded as follows: "whereby the boat became liable for the payment to the said plaintiff of the said sum of money," and in the other count concluded as follows: "by reason whereof an action has accrued," &c.: *Held*, that the action was debt, and the judgment properly rendered in debt and damages.

Where a suit by attachment is instituted against a boat, and the owners come in and make themselves defendants, if the proof justifies it, it is not error for the Court to render a judgment against the owners, and to award a special writ of execution to sell the boat.

THIS cause was heard below before the Hon. Thomas Ford.

O. PETERS and G. SPRING, for the appellants.

N. H. PURPLE, for the appellee.

BREESE, Justice, delivered the opinion of the Court: (1)
On the 22d day of June, 1840, George Almarode, whose administrator (he having since deceased) is appellee in this case, sued out a writ of *attachment* from the Peoria Circuit Court, returnable to the July term thereafter, against the steamboat Frontier, on an affidavit made by him, stating that the "Steamboat Frontier and her owners, all of whom are unknown to him, are justly indebted to him in the sum of nine hundred and sixteen dollars and nine cents, upon a certain promissory note as follows:

"'$850.50.              *Saint Louis, April* 15, 1840.
"'One day after date, for value received, we promise to pay George Almarode, or bearer, eight hundred and fifty dollars and fifty cents, with interest at six per cent. per annum.
"'STEAMBOAT FRONTIER AND OWNERS,
'By WILLIAM BLAKELEY, Clk.'

"And, also, for work and labor as an engineer upon said boat, subsequent to the date of the note, to the amount of fifty-five dollars, making in all, with the interest on the note, the above sum of money, and which is justly due him, the whole amount being unpaid."
The writ of attachment was levied on the steamboat Frontier, her engine, machinery, tackle, &c., and due advertisement made, as required by law, and a declaration filed by Almarode, setting forth, in the first count, an indebtedness by the boat to him, for services rendered upon the boat as engineer, at the instance and request of the masters, and of William Blakeley, the clerk of the boat, and alleging that Blakeley, as clerk thereof, on such indebtedness, executed and delivered to him the note set out in the affidavit, and concludes, "Whereby, and by force of the statute in such case made and provided, the steamboat Frontier became lia-

(1) WILSON, Chief Justice, and SMITH, Justice, were not present at the hearing of this cause.

ble for the payment to said plaintiff, of the said sum of money in said promissory note specified, together with the interest thereon, according to the tenor and effect of said note ;" and further averring, " that Blakeley, as clerk, had full power and authority to execute and deliver said note to plaintiff ;" and further averring, that " said note and said demand of the said plaintiff still remains due and unpaid."

The second count charges an indebtedness by the boat to the plaintiff, on the 10th day of May, 1840, in the further sum of $1200, for the work and labor, care and diligence, of the plaintiff, before that time, as engineer, done, &c., in and about the management, and navigation, and service of said steamboat Frontier, running upon the Illinois river, a navigable stream, within the jurisdiction of this State, at the like instance and request of the captain, or master of said boat, averring that " the said debt or demand is unpaid, by reason whereof an action has accrued," &c., and damages sustained to $1200.

The account filed was as follows :

" Steamboat Frontier to George Almarode,                          Dr.

" May 10, 1840, to services on said boat as engineer,  $1200 ;" and a copy of the note as set out in the declaration and affidavit.

At the July term, 1840, to wit, on the 4th day of August, 1840, John Frink, representing himself to be the owner of the boat, moved the Court to dismiss the suit, for the want of a sufficient affidavit ; whereupon Almarode, by his attorney, entered a motion to amend the affidavit, which the Court denied, and allowed the motion to dismiss the suit, at the costs of Almarode.

On the next day, the 5th day of August, Almarode's attorney entered his motion to set aside the judgment of dismissal, and to reinstate the cause on the docket, which was allowed by the Court, to which Frink excepted, but no bill of exceptions was taken.

On the same day, on Almarode's motion, leave was given him to amend his affidavit, which was also excepted to, but no bill of exceptions tendered or signed. The amendment to the affidavit is as follows : " And the said George Almarode, by leave of the Court, and by way of amendment to this affidavit, after being duly sworn, states further, that the aforesaid indebtedness accrued to him for services rendered by him, and for work done as engineer, upon the said steamboat Frontier, while she was running upon the navigable waters of the Illinois river, in the State of Illinois, and within the jurisdiction of that State, under a contract with the masters, and some of the owners of the said boat."

No other steps appear to have been taken at the July term. At the next term, on the 19th of October, Frink moved to quash the writ, which was denied, and then asked, on the next day, for an extension of time to plead, which was denied ; whereupon Almarode entered a rule against him to plead by the next morning. On the same day, the 20th of October, Martin O. Walker appeared

and represented himself to be one of the owners of the boat, and, by his attorney, entered his motion that Almarode file a more explicit bill of particulars, which motion the Court overruled ; thereupon Almarode entered a rule against him to plead by the next morning.

On the 22d of October, Walker filed a demurrer to the first count of the declaration, which the Court, after argument, overruled, and, on motion of Almarode's attorney, leave was given him to amend his declaration, by adding an additional count.

Under this leave, Almarode's attorney amended the declaration, by further averring, without applying it to either count in particular, though manifestly intended for the first count, as follows : " That the aforesaid indebtedness accrued to him, the said plaintiff, for services rendered and work done by said plaintiff, as engineer, upon said steamboat Frontier, while she was being and running upon the navigable waters of the Illinois river, in the State of Illinois, and within the jurisdiction of this State, under a contract and contracts with the master, clerk, and some of the owners of the said boat ;" and also by inserting two additional counts, one of which is an *insimul computassent* with Blakeley, the clerk, upon which he executed the note, &c., averring authority in him to make the settlement, and execute the note, " as evidence of the indebtedness of the owners of the boat." The other count alleges a general indebtedness in the sum of $1200, for services as engineer, on the boat, &c. No objection was made to this mode of compliance with the leave to amend the declaration.

Frink then pleaded, first, that the steamboat Frontier is not indebted to the plaintiff, Almarode, for services rendered as engineer of the said boat, while she was being and running upon the navigable waters of the Illinois river, in the State of Illinois, in manner and form, &c., concluding to the country ; and for further plea, he says, that the boat is not indebted to the plaintiff, in manner and form, &c., concluding to the country. Issue was taken thereon.

Under the first plea, Frink filed a notice that he would give in evidence and prove certain matters in discharge, to which exceptions were filed by Almarode, which it is unnecessary to particularize, as the record does not show in what manner the Court disposed of them.

To Frink's first plea the plaintiff demurred, and the defendant joined in demurrer, which was sustained by the Court.

At the same time, Walker, who had before demurred to the first count of the declaration, and which was overruled, pleaded to the second count, that the steamboat Frontier was not indebted to the plaintiff, in manner and form, &c. ; upon which issue was taken. He also pleaded to the second count, that the boat is not liable for the payment of the money specified in the promissory note, in that count mentioned, " because, he says, that the said Blakeley, at the time when, &c., had not full power and authority to execute and

deliver the same to the plaintiff, in manner and form," &c.; con-
cluding to the country.

He also pleaded to the same count, that at the time when, &c.,
"the steamboat Frontier was not justly indebted to the plaintiff in
the sum of $850.50, for services upon said boat, as engineer, by
said plaintiff, before that time rendered, in and about the manage-
ment, navigation, and service of said boat, as alleged," &c.; upon
which issue was joined.

He also pleaded to the whole declaration, that the boat was not
indebted to the plaintiff, in manner and form, &c.; upon which
issue was joined.

He also pleaded that the services of the plaintiff were rendered,
and the cause of action accrued, in the State of Missouri, and not
on the Illinois river, in the State of Illinois, concluding with a ver-
ification.

He also pleaded a setoff, accompanying the plea with a bill of
particulars, in which are the same demands against plaintiff, as set
out in the notice under Frink's first plea. This plea was traversed
and issue joined.

He also pleaded payment, which was demurred to by the plain-
tiff, but afterwards traversed, and issue joined.

The plaintiff demurred to Walker's first plea, alleging want of
authority in Blakeley to execute the note. He also demurred to
Walker's fourth and sixth pleas, but waived the demurrer to the
sixth, by a traverse and issue.

These were the various proceedings in the cause, up to the April
term, 1841, at which term the parties again came, and were heard
upon the plaintiff's demurrer to the first and fourth pleas of Walk-
er, when the same were sustained, and the defendant stood by his
pleas. At the same time, by leave of the Court, the plaintiff with-
drew his demurrer to Frink's first plea, and entered his motion to
strike that plea out, which was allowed, to which the defendant
excepted, but no bill of exceptions was taken. The defendants,
Frink and Walker, then filed their affidavit, and entered a motion
for a change of venue, which was allowed, and the cause sent to
the adjoining county of Marshall.

At the April term, 1841, of the Marshall Circuit Court, the de-
fendants moved for a continuance, on affidavits, which was denied;
and, by consent, both matters of law and fact arising in the cause,
were submitted to the Court for trial, and the Court, after hearing
the evidence, &c., "finds the issues for the plaintiff, and adjudges
that he recover of and from John Frink and Martin O. Walker,
owners of the steamboat Frontier, the debt in the declaration men-
tioned, amounting to nine hundred and two dollars, and his dama-
ges occasioned by the detention thereof, amounting to fifty-two
dollars and seventy-seven cents, and his costs, and that he have a
special execution therefor, against the said defendants, to be levied

upon the said steamboat Frontier, her engine, machinery, rigging, apparel, furniture, and all the appurtenances thereto belonging."

The evidence is preserved, in a bill of exceptions, but as no questions arise out of it, it need not be recited.

The defendants have brought the case here by appeal, pending which the plaintiff has died, and the appearance of Charles P. King is entered as his administrator.

The errors assigned are,

*First.* In setting aside the judgment of dismissal, and reinstating the cause on the docket ;

*Second.* In granting Almarode leave to amend his affidavit ;

*Third.* In proceeding to hear and try the cause before and without deciding Frink's motion to dismiss for want of a proper affidavit ;

*Fourth.* In striking from the files Frink's first plea ;

*Fifth.* In permitting Almarode to withdraw his demurrer to Frink's first plea, and then permitting the motion to be made to strike said plea from the files, and sustaining said motion ;

*Sixth.* In sustaining the demurrer to Walker's first plea ;

*Seventh.* In sustaining the demurrer to Walker's fourth plea, and in not rendering judgment for the defendants, on sustaining the demurrer, as the declaration is bad and insufficient ;

*Eleventh.* In giving judgment for debt and damages, when the judgment should have been for damages only ;

*Twelfth.* In sustaining the exceptions to the notice of Frink, filed with his plea of the general issue ;

*Thirteenth.* In rendering judgment against Frink and Walker, and awarding execution against the steamboat Frontier.

The eighth, ninth, and tenth assignments of error are abandoned by the appellants, and are, therefore, not stated.

Before examining the various errors relied on for a reversal of this judgment, it is necessary to remark, that the record is made up in a very loose, inartificial, and imperfect manner, rendering it extremely difficult to ascertain what were the various decisions of the Circuit Court, and the order of time in which they were made.

The records sent up here, from the various Circuit Courts, are very many of them liable to the same charge, and it may become necessary either to reject such records altogether, or continue causes from term to term, until more perfect records are sent.

The first error assigned questions the propriety of setting aside the judgment dismissing the suit on Frink's motion, and reinstating it on the docket. It is a settled principle, that during the term of the Court, the record is in the power, and under the control of the Court, and orders, judgments, and decrees may be modified, or rescinded, at the term, for cause shown. This is a discretionary power which all courts possess ; and, therefore, the manner of its exercise cannot be assigned as error.

The second assignment of error involves the construction of

the " *Act authorizing the seizure of boats and other vessels by Attach-ment, in certain cases.*" (1)

This act entitles certain persons, among them engineers, to the remedy by attachment against any boat or vessel built, repaired, or equipped, or running upon any of the navigable waters within the jurisdiction of this State.

The affidavit of Almarode, as first made, did not state that the services for which the claim was made by him, were rendered on the boat, while she was running on the navigable waters of this State, or that the boat was thus running, and for want thereof, it was clearly defective, and all proceedings under it would have been void and of no effect, were it not, that the same act directs, in the third section, that " the like proceedings shall be had as in other cases of attachment." This has reference to the general attach-ment law, passed on the preceding day, by the twenty-eighth section of which, it is declared that no writ of attachment shall be quashed, &c., on account of any insufficiency of the original affidavit, if the plaintiff, or some credible person for him, shall cause a legal and sufficient affidavit to be filed, and in that event, the cause shall proceed as if such proceedings had been originally sufficient. (2)

This act was passed, doubtless, to remedy the evils arising out of the law as it existed at the time the decisions in the cases of Clark *v.* Roberts, (3) and Phelps *v.* Young, (4) were made. We think under the section of this act just quoted, the amendment was allowable ; the statutes being in *pari materia*, must be construed together, so as to effect their several objects.

As to the third assignment of error, it will be perceived that the defendant's motion to dismiss, for reason of the insufficiency of the affidavit, was acted on and allowed. He did not renew the motion after the amended affidavit was filed ; and, of course, there was no motion to dismiss pending, after the amendment was made. There is, then, no error in this particular.

The propriety of striking from the files, Frink's first plea, which is the fourth error assigned, may be questioned, and was no doubt an irregularity, inasmuch as there had been a demurrer to it by the plaintiff, and decided in his favor, and which, in the due order of pleading, precluded a motion. The defendant, however, was in no way prejudiced by allowing the motion to strike out the plea, for it had been adjudged bad on the demurrer, and it being an irregu-larity only, it cannot vitiate.

A similar irregularity in no way affecting the merits of the case, occurred in permitting Almarode to withdraw his demurrer after the decision of the Court upon it in his favor, and in sustaining his motion to strike out the plea, which is the fifth error assigned. It is not usual or regular to proceed in this manner, yet, as it is not shown in what way the defendant was prejudiced by it, it is not

(1) R. L. 95; Gale's Stat. 73.          (2) R. L. 93; Gale's Stat. 71.
(3) Breese 222.                          (4) Breese 255.

deemed such an error as should reverse the judgment. (1) The same material fact stated in this plea, was directly put in issue by the second plea, and on which an issue in fact was made up.

The sixth error assigned calls in question the decision of the Court upon the plaintiff's demurrer to Walker's first plea. It may be observed here, that it was improper to permit Walker to come in and defend the action, after Frink had entered his appearance, as an owner of the boat, and had pleaded. He was competent to make full defence in the suit; but as the plaintiff made no objection to Walker's appearance, the regularity of the proceedings, with reference to him, must be considered and decided upon.

His first plea merely denies the authority of the agent, Blakeley, to make the note set out in the declaration. This plea is not a plea to the action, it being an action of debt for services rendered, to which the note was only collateral, and not the foundation of the suit. Blakeley may have had no authority to make the note, and yet the indebtedness may have existed. The indebtedness was the cause of action, and it was not answered by the plea. The demurrer to it was properly sustained.

The seventh error assigned questions the correctness of the decision of the Court in sustaining the demurrer to Walker's fourth plea, instead of sustaining it to the declaration.

The declaration, as amended at the October term, previous to filing the plea, which was at the April term, 1841, was for an indebtedness arising out of services alleged to have been rendered as an engineer, on a boat while running on the navigable waters of this State, within this jurisdiction; and the breach was the nonpayment of the amount alleged to be due therefor.

This was the gist of the action, and a plea to be good, as a plea in bar, should have been an answer to it. It purported to answer the whole declaration, but answered only one fact out of which the indebtedness in part arose, and was, therefore, bad on demurrer. No defects having been pointed out in the declaration, judgment should remain against the plea.

The eighth, ninth, and tenth errors are not relied on.

The eleventh assignment of error is predicated on the supposition that the declaration is assumpsit. If it were so, this error would be well assigned. It is not, however, an action of assumpsit; it is debt, setting forth specially in some of the counts, the causes of indebtedness. The defendants have treated it as such an action, for they have pleaded that the boat was not indebted, &c. Although much prolixity of pleading has been indulged, tending to confusion, to irregularities, and to useless expense, nothing is shown in any portion of them, that can give any other character to the action, but one of debt. The plea of *nil debet*, with payment and setoff, or notice, has been filed, and all the grounds of

(1) 1 Scam. 340.

the plaintiff's action, and of the defendant's defence, have been in the form of an action of debt. It being an action of debt, judgment was properly entered for the debt, and for damages for its detention.

The twelfth error assigned has no foundation in the record. The Court below did not sustain the plaintiff's exceptions to Frink's notice, but if it had, and that improperly, the defendants had, afterwards, under their plea of setoff, the full benefit of the matters of defence contained in the notice.

The thirteenth and last error relied on questions the correctness of the judgment against Frink and Walker, and awarding execution against the boat. We perceive no error in this. They voluntarily made themselves defendants to the action, as owners of the attached property, and if the proof justified it, judgment should have passed against them, for the amount found due.

The entry of the judgment, and the award of a special execution against the property attached, is in conformity with the statute, as this Court has decided in the case of Miere *v.* Brush, (1) at the last term. There being, then, no such errors as have been assigned, the judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*

